UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEONTINE D. AUBERT, ET AL | CIVIL ACTION |
| VERSUS | NO. 12-284 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | SECTION "C" (1) |

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the joint memorandum of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

In the state court petition, the plaintiffs seek damages allegedly caused by the theft and destruction of their vehicle, which was allegedly insured by the defendant. In the petition, the plaintiffs allege that the value of the vehicle is $8,900.00. Rec. Doc. 1-2. This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are

insufficient to invest a federal court of jurisdiction.  <u>Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. <u>Id.</u>   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  <u>Id.</u>  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287, fn. 10 (1938), <u>citing</u>, <u>McNutt v. General Motors Corp.</u>, 298 U.S. 178, 182-189 (1936); <u>Diefenthal v. Civil Aeronautics Board</u>, 681 F.2d 1039 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1107 (1983).

      The defendant has not met its burden to show that the jurisdictional amount is

facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet the burden.  Instead it relies on the plaintiffs' answer to discovery that the claim may exceed the jurisdictional minimum.  Rec. Doc. 6.  The plaintiffs state that they are willing to enter into such a stipulation at this time.  Rec. Doc. 7.  Even if the stipulation was not signed prior to removal and is not otherwise "binding" for purposes of La. Code. Civ. P. art. 893, it is, nonetheless, sufficient evidence of the jurisdictional amount at the time of removal for present purposes.  Absent some proof of the jurisdictional minimum, federal jurisdiction would be based, at best, on speculation or consent, neither of which is permitted.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 23rd Judicial District

3

Court for the Parish of St. James, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 12th day of March, 2012.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE